UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SARRAH DENTON WILLHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   3:23-CV-198-KAC-DCP |
| | ) | |
| HANNAH PENNINGTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff, a federal prisoner housed in the Knox County Detention Facility, filed a motion for leave to proceed *in forma pauperis* [Doc. 1] and a Complaint under 42 U.S.C. § 1983 [Doc. 2]. In her Complaint, Plaintiff also asks the Court to appoint counsel [*See* Doc. 2 at 1]. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] and **TRANSFERS** this action to the United States District Court for the Eastern District of Kentucky.

**I.     MOTION TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the $350.00 filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's motion and supporting documents that she is currently unable to pay the fee [*See* Doc. 1 at 1-2]. Therefore, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1].

Plaintiff is **ASSESSED** the civil filing fee of $350.00.  The custodian of her inmate trust account **SHALL** submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent

(20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in her inmate trust account for the six-month period preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account **SHALL** submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Court **DIRECTS** the Clerk to provide a copy of this Memorandum and Order to both the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow her if she is transferred to another correctional institution.

**II.   VENUE**

The general venue statute for federal district courts provides, in relevant part:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

>> defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3).  Plaintiff's Complaint asserts claims arising out of incidents occurring while she was incarcerated in the Laurel County Correctional Complex in London, Kentucky, and all named Defendants are employees of the Laurel County Correctional Complex [*See* Doc. 2 at 2-3].  The Laurel County Correctional Complex lies within Laurel County, Kentucky in the judicial district for the Eastern District of Kentucky.  *See* 28 U.S.C. § 97(a).  Therefore, the proper venue for this case is the United States District Court for the Eastern District of Kentucky.

A federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice." *See* 28 U.S.C. § 1406(a).  It is appropriate to do so here. Accordingly, the Court **DIRECTS** the Clerk to transfer this action to the United States District Court for the Eastern District of Kentucky, and to close this Court's file.  The transferee court will address the screening of Plaintiff's Complaint under the PLRA and her request for counsel.

### III.   CONCLUSION

For the reasons set forth above:

1. The Court **GRANTED** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1];

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The Court **DIRECTED** the custodian of Plaintiff's inmate trust account to submit the filing fee to the Clerk in the manner set forth above;

4. The Court **DIRECTED** the Clerk to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy; and

5. The Court **DIRECTED** the Clerk to transfer this action to the United States District Court for the Eastern District of Kentucky, and to close this Court's file.

**SO ORDERED**.

**ENTER:**

                                               s/ Katherine A. Crytzer
                                              KATHERINE A. CRYTZER
                                              United States District Judge